

# NUMBERS 13-24-00358-CR, 13-24-00359-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**LINDZEY JANE GULLIVER,**                                            **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                            **Appellee.**

## ON APPEAL FROM THE 25TH DISTRICT COURT
## OF LAVACA COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and Fonseca**
**Memorandum Opinion by Justice Fonseca**

Appellant Lindzey Jane Gulliver pleaded guilty to two counts of theft of property

with a value of $2,500 or more but less than $30,000, each a state-jail felony. *See* TEX.

PENAL CODE ANN. § 31.03(a), (e)(4).[1] The trial court deferred appellant's adjudication and

---

[1] The first indictment (trial court cause number 2021-06-10359CR, appellate cause number 13-24-

placed her on community supervision for four years. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.101(a). The State filed motions to adjudicate in 2022, alleging that appellant violated various terms and conditions of her community supervision. Appellant stipulated and conceded to an allegation that she tested positive for methamphetamines on June 2, 2023. The trial court granted the State's motions, adjudicated appellant guilty of both offenses, and sentenced her in each case to two years in state jail, with the sentences to run concurrently. Appellant's court-appointed appellate counsel has filed briefs in both cause numbers stating that there are no arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738 (1967). We affirm.

## I.   *ANDERS* BRIEFS

Counsel states in his briefs that he has diligently reviewed the entire record in both cases and that "the appeal in this cause has no non-frivolous basis reflected in the record and thus is without merit." *See id.*; *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978). Counsel's briefs meet the requirements of *Anders* as they present a thorough, professional evaluation showing why there are no arguable grounds for advancing an appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

---

00358-CR) alleged that appellant committed six different thefts in 2020 as part of one scheme or course of continuing conduct, and it aggregated the value of the property appropriated in each of the alleged thefts. *See* TEX. PENAL CODE ANN. § 31.09. The second indictment (trial court cause number 2021-06-10360CR, appellate cause number 13-24-00359-CR) alleged that appellant committed one theft in 2017.

In compliance with *Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014), counsel has carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgments. Counsel has informed this Court that he has: (1) notified appellant that he has filed *Anders* briefs and a motion to withdraw; (2) provided appellant with copies of these pleadings; (3) informed appellant of her rights to file a pro se response,[2] to review the record prior to filing that response, and to seek discretionary review if we conclude that the appeal is frivolous; and (4) provided appellant with a form motion for pro se access to the appellate record that only requires appellant's signature and date with instructions to file the motion within ten days. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20. In this case, appellant filed neither a timely motion seeking pro se access to the appellate record nor a motion for extension of time to do so. Appellant did not file a pro se response.

## II.  INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the record and counsel's briefs in both cause numbers, and we have found no arguable reversible error. *Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). ("Due to the nature of *Anders* briefs, by indicating in the opinion it considered the issues raised in the brief and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

---

[2] An appellant's pro se response following the filing of an *Anders* brief "need not comply with the rules of appellate procedure in order to be considered[; r]ather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008).

## III.    MOTION TO WITHDRAW

In accordance with *Anders*, appellant's court-appointed appellate counsel has filed a motion to withdraw in each appeal. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous." (citations omitted))). We grant the motions to withdraw.

Counsel is ordered to send a copy of this memorandum opinion and its accompanying judgments to appellant, and to advise her of her right to file a petition for discretionary review, within five days of the date of this memorandum opinion.[3] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

## IV.    CONCLUSION

The trial court's judgments are affirmed.

YSMAEL D. FONSECA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
29th day of May, 2025.

---

[3] No substitute counsel will be appointed. Should appellant wish to seek further review by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3(a), and must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.